IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYED S. GILLANI, #A 078237063, a/k/a AMIRALI BHARWANI, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1797 |
| WILLIAM BARR, et al., | § § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is respondents' motion to dismiss this *pro se* immigration detainee habeas case. (Docket Entry No. 15.) Respondents served petitioner a copy of the motion at his address of record on September 16, 2019. *Id.*, p. 9. Despite expiration of a reasonable period of time of approximately 45 days, petitioner has failed to respond to the motion, and the motion is deemed uncontested.

The Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit without prejudice for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Petitioner filed this section 2241 habeas petition on June 5, 2019, challenging his continued detention by ICE under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the U.S. Constitution. Respondents' motion reports, and public online

criminal records for Harris County show, that petitioner's true name is Amirali Bharwani, and that he was born in Pakistan on May 2, 1982. Documents provided by respondents in the motion to dismiss show that petitioner was admitted into the United States on July 15, 2000, as a non-immigrant visitor for a temporary period not to exceed October 15, 2000. He overstayed his temporary permit and removal proceedings were initiated against him in Memphis, Tennessee in late 2001. An immigration judge ordered petitioner's removal to Pakistan in November 2002, but petitioner failed to depart the United States. He was subsequently detained and placed on supervised release by ICE in January 2010. He was scheduled to report to immigration officials in 2016, but apparently failed to appear.

During the years 2005 through 2018, petitioner amassed numerous criminal arrests and convictions in Texas, including driving while intoxicated in 2005, assault and aggravated assault of a family member with a deadly weapon in 2007 and 2008, and drug charges and convictions in 2009. He was placed on deferred adjudication in 2014 for credit card abuse, but was subsequently convicted and imprisoned in 2018 for causing serious bodily injury to his eight-year-old stepson by beating him with a baseball bat.

Petitioner was released to ICE officials by the Texas Department of Criminal Justice on December 7, 2018, and he remains in ICE custody awaiting removal. On March 27, 2019, ICE officials served petitioner with a Decision to Continue Detention based on a review of his file record, interview, and criminal history. Petitioner filed the pending habeas petition

with this Court on June 5, 2019, arguing that he should be released from custody pursuant to *Zadvydas*.

In their pending motion to dismiss, respondents argue that petitioner's due process rights have not been violated and that he should remain in ICE custody at this time.

## II. ANALYSIS

In *Zadvydas*, the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States. The Supreme Court ruled that six months is a presumed reasonable period of detention, and that the detained alien must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Thus, to prevail under *Zadvydas*, the detainee must make a two-part showing. First, he must establish that he has been detained beyond the six-month period set forth in *Zadvydas*. Second, he must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The alien detainee bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas. "To the contrary, an alien may be held in

confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Alien detainees slated for removal who pose a flight risk and/or a risk to the community may be detained beyond the removal period for a time necessary to bring about their removal from the United States. 8 U.S.C. § 1231(a)(6). In the instant case, Department of Homeland Security documents submitted by respondents in support of the motion to dismiss show that petitioner's criminal behavior placed him within that class of aliens properly detained under section 1231(a)(6). (Docket Entry No. 15, Exhibit 2.)

Regardless, petitioner does not demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The Court is mindful that "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. However, at the time petitioner filed the instant petition, he was still detained within, or had barely exceeded, the presumed reasonable six months' time.

It is clear from respondents' documents that efforts have been underway since at least mid-March 2019 to obtain travel documents and effectuate petitioner's removal. In a Post Order Custody Review dated March 15, 2019, detention officials reported that petitioner

> claims to have lost his expired Pakistan passport. However, on 3/12/19, an in-person interview was conducted at the Houston Consulate to facilitate TD [travel documents] issuance. Consulate advised information being processed and case was sent to the Ministry of Interior for further verification. RIO recommends continued detention pending citizenship verification.

(Docket Entry No. 15, Exhibit 4). In a Decision to Continue Detention letter dated March 18, 2019, ICE officials notified petitioner that

> ICE is working with the Government of Pakistan in issuing a travel document. You will remain in ICE custody pending your removal. . . . This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely.

*Id.* The exhibit indicates that petitioner was personally served a copy of the letter on March 27, 2019.

Petitioner's continued detention at this time does not violate due process. The allegations and documents presented by respondents demonstrate there is a significant likelihood that ICE will remove petitioner in the reasonably foreseeable future, and petitioner has not contested those allegations and documents. Therefore, the Court is of the opinion that petitioner's habeas petition should be dismissed without prejudice.

### III. CONCLUSION

Respondents' motion to dismiss (Docket Entry No. 15) is **GRANTED** and this lawsuit is **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

**SIGNED** at Houston, Texas, on this the 29th day of October, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE